IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND GASCON,
       Plaintiff,

  -vs-                                     Civil Action No. 13-157E

CAROLYN W. COLVIN,[1]
COMMISSIONER OF SOCIAL SECURITY,
       Defendant.

AMBROSE, Senior District Judge.

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 10) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed the applications on September 17, 2010, alleging he had been disabled since August 16, 2010. (Docket No. 7-6, pp. 2-6). Administrative Law Judge ("ALJ"), Donald M. Graffius, held a video hearing on November 17, 2011. (Docket No. 7-2, pp. 33-60). On February 21, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 7-2, pp 17-28). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS[2]

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

---

[2] I note that Plaintiff's argument is devoid of citations to the record or to case law. (ECF No. 9, pp. 9-11). The arguments are also not sufficiently developed to place the issues clearly before me. Nonetheless, I will attempt to address the arguments I am able to discern.

2

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Plaintiff's Credibility</u>

Plaintiff first argues the ALJ erred in concluding that Plaintiff's impairments did not meet or equal a listing because he erroneously discredited the credibility of Plaintiff. (ECF No. 9, pp. 9-10). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent

reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff objects to the ALJ's discrediting of him based on the "limited household tasks" he can perform. (ECF No. 9, pp. 9-10). Plaintiff does not think the ALJ should assume that one's ability to perform activities of daily living should mean that one is able to function in a job setting. *Id.* at 10. In determining whether the Plaintiff has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, however, the ALJ was required to determine if Plaintiff had marked restrictions in "paragraph B" criteria including, *inter alia,* activities of daily living. That means the ALJ was required to review Plaintiff's activities of daily living. Furthermore, contrary to Plaintiff's argument, the ALJ did not conclude that because Plaintiff performs activities of daily living he is able to function in a job setting. Rather, at that juncture, the ALJ was determining whether Plaintiff had a marked limitation in the criteria of activities of daily living. The ALJ found that Plaintiff had mild limitations in the domain of activities of daily living. (ECF No. 7-2, p. 20). This was the proper evaluation performed by the ALJ. Thus, I find the ALJ did not err in this regard.

Plaintiff further seems to argue that the ALJ erred in discrediting "the Plaintiff for failing to seek mental health treatment sooner," for improving with treatment, and for noting that "Plaintiff was not referred to a residential halfway house or a highly supportive living arrangement." (ECF No. 9, p. 10). Again, an ALJ is charged with the responsibility of determining credibility. Based on the entire record as a whole, there is substantial evidence to support the ALJ's findings. (ECF No. 7-2, pp. 20-22). Consequently, I find no error in this regard.

Plaintiff additionally believes that the ALJ failed to give sufficient weight to Plaintiff's testimony that shows he continues "to experience symptoms." *Id.* I disagree. Simply because

Plaintiff continues to experience symptoms does not mean a plaintiff is suffering from marked difficulty in any of the "paragraph B" criteria or that he is disabled within the meaning of the Act. Thus, I find no error on this basis.

### C. Whether the ALJ failed to give "adequate weight" to the opinion of Dr. Hall and Dr. Menio

Plaintiff next appears to argue that the ALJ erred in failing to give "adequate weight" to the opinions of Plaintiff's treating physician, Dr. Hall, and to the non-examining medical consultant, Dr. Menio. (ECF No. 9, pp. 10-11). The amount of weight accorded to a medical opinion is well established. 20 C.F.R. §404.1527.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, Plaintiff argues that the ALJ erred in failing to give adequate weight to Dr. Hall's opinion that the Plaintiff is permanently disabled because the ALJ found that Dr. Hall is a not a specialist. (ECF No. 9, p. 10). A review of the record demonstrates that Plaintiff is simply incorrect. To begin with, a treating physician's assertion that a plaintiff is "disabled" or "unable to work" is not dispositive of the issue. 20 C.F.R. §§ 404.1527, 416.927. Such ultimate questions of disability are reserved for the ALJ to determine. *Id.* Thus, the ALJ was not under any obligation to weigh Dr. Hall's ultimate opinion that Plaintiff was permanently disabled.

5

Furthermore, contrary to Plaintiff's assertion, the ALJ did not give Dr. Hall's opinions controlling weight simply because he was not a specialist. Rather, the ALJ gave several reasons for not providing Dr. Hall's opinions controlling weight, including the following: Dr. Hall did not provide any clinical or objective findings to substantiate his opinion, the clinical and objective findings are inconsistent with an individual who experiences totally debilitating symptoms, and his opinions are inconsistent with the other medical evidence of record and Plaintiff's testimony. (ECF No. 7-2, pp. 25-26). After a review of the record, I find the ALJ's opinion to be supported by substantial evidence. As such, I find no error in this regard.

With regard to Dr. Menio, Plaintiff's entire statement is that the "ALJ claims that Dr. Menio's opinions are not supported by the medical evidence and therefore, should be given no weight.[3] Dr. Menio reviewed all the records in the file supplied by the ALJ and formed his own independent opinion regard the Plaintiff's ability to work." (ECF No. 9, pp. 10-11). Based on the same, I am not sure what error Plaintiff is asserting. Simply because Dr. Menio made his own independent opinion after he reviewed the medical evidence of record does not mean that Dr. Menio's opinions are supported by the medical evidence or that his opinion is entitled to greater weight. Consequently, I do not find any merit to Plaintiff's statement.

### D. Vocational Expert

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 20, pp. 20-21). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the

---

[3] To be clear, the ALJ did not give Dr. Menio's opinion "no weight" but, instead, the ALJ did not provide Dr. Menio's opinions "controlling weight." (ECF No. 7-2, p. 25).

ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND GASCON, )
                 Plaintiff, )
)
  -vs- ) Civil Action No. 13-157E
)
CAROLYN W. COLVIN,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
                 Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 25th day of February, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge

---

[4] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.